# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 05-CR-108-TCK |
| TIMOTHY LAMAR RUSHING, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 64) ("§ 2255 Motion") filed by Defendant Timothy Lamar Rushing ("Defendant"). The Court provided Defendant an opportunity to show cause why the motion should not be dismissed as untimely (*see* Doc. 73), and Defendant submitted responsive documents (*see* Docs. 75-76).

**I.     § 2255 Motion**

Defendant's § 2255 Motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitation period begins to run on the date on which the judgment of conviction becomes final. *Id.* at § 2255(f)(1). In this case, Defendant's conviction became final on June 18, 2007, when the United States Supreme Court denied Defendant's petition for writ of certiorari. (*See* Doc. 59.) Defendant delivered the motion to prison officials, at the earliest, on September 7, 2008.[1] This was more than one year following June 18, 2007. Thus, the motion is untimely unless it is subject to statutory or equitable tolling. Defendant argues that the statute of limitations should be equitably tolled because (1) his correctional facility was on lockdown at most times between

---

[1] The motion was executed on September 7, 2008 and filed on September 15, 2008.

November 2007 and April 2007,[2] (2) he was transferred twice during the one-year limitations period, and (3) he did not have access to a legal library during these periods. (*See* Doc. 75.)[3]

Equitable tolling applies to suspend the statute of limitations for filing a § 2255 motion "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Examples of circumstances warranting equitable tolling include when a prisoner is actually innocent, when an adversary's conduct prevents a prisoner from timely filing, when uncontrollable circumstances prevent a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. *See Gabaldon*, 522 F.3d at 1124 (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

The Tenth Circuit has stated that a prison lockdown does not generally qualify as an extraordinary event entitling a prisoner to equitable tolling. *Dill v. Workman*, 288 Fed. Appx. 454, 457 (10th Cir. 2008); *see also Beard v. Jones*, No. 10-CV-174-JHP, 2011 WL 832540, at *4 (N.D. Okla. March 3, 2011) ("Furthermore, prison lockdowns do not generally qualify as extraordinary

---

[2] Defendant submitted a letter from prison officials stating that the facility would be on lockdown beginning December 10, 2007. (*See* Doc. 76.)

[3] This case does not present any of the circumstances set forth in § 2255(f)(2)-(4). Therefore, statutory tolling does not apply.

2

events entitling a prisoner to equitable tolling."). Further, the lack of library access as a result of a lockdown does not automatically entitle a prisoner to equitable tolling; instead, the petitioner must also show the steps he took to diligently pursue his claims. *See Parker v. Jones*, 260 Fed. Appx. 81, 85 (10th Cir. 2008) (holding that lack of access to law library during lockdown was insufficient to support equitable tolling, absent a specific showing regarding steps taken to diligently pursue habeas claims); *Holmes v. Jones*, No. Civ-09-512, 2009 WL 5216907, at **5-7 (W.D. Okla. Dec. 29, 2009) ("To show that such a lack of library access posed an impediment, Petitioner must specifically show the steps he has taken to pursue his claims.") (explaining, in context of denying prisoner discovery regarding a lockdown, that "[a]n allegation that lockdowns deprived Petitioner's access to a law library would not necessarily affect his ability to pursue his claims" because "the current policy allows inmates who are subject to a lockdown to request library materials and the assistance of law library staff").

In this case, Defendant has failed to show that he diligently pursued his claims from June to November 2007 – a six-month period of time in which there were no alleged lockdowns or transfers to different facilities that restricted his access to a law library. This period of inaction counsels against a finding of equitable tolling. *See Dill*, 288 Fed. Appx. at 457 (rejecting equitable tolling argument because petitioner did not explain his delay in filing his petition after the lockdown ended). Defendant has also failed to show any specific steps he took or attempted to take in order to diligently pursue his claims during times the law library was inaccessible. *See Holmes*, 2009 WL 5216907, at *7 (holding that petitioner failed to show that lack of library access posed an impediment to pursuit of claims because he failed to show any specific steps he took during lockdown period). Further, the Court finds nothing extraordinary or rare about prison lockdowns

3

or the transfer of inmates between facilities. Therefore, Defendant has failed to show that he diligently pursued his claims and that his failure to timely file was caused by any extraordinary circumstances beyond his control.

## II.   Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## III. Conclusion

Defendant's § 2255 motion (Doc. 64) is dismissed with prejudice because it is outside the statute of limitations and not subject to equitable tolling. A certificate of appealability is denied. A separate Judgment shall be entered.

DATED THIS 21st day of July, 2011.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE