IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-CR-108-01-TCK |
| | ) | |
| TIMOTHY LAMAR RUSHING, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2255 ("§ 2255") motion filed by Defendant Timothy Rushing (Doc. 80). The Court has considered the § 2255 motion (Doc. 80); the United States' response (Doc. 92); Defendant's reply (Doc. 93); and other supplemental filings by Defendant (Docs. 91, 94, and 95).

**I.    Background**

Defendant Timothy Rushing was convicted by a jury of, *inter alia*, violations of 18 U.S.C. § 924(c). Defendant filed a § 2255 motion challenging his § 924(c) conviction on grounds that the definition of "crime of violence" in § 924(c)(3)(B) is unconstitutional based on reasoning in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015) (holding that certain language in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague) ("*Johnson*"). The rule announced in *Johnson* was made retroactive to cases on collateral review. *See Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016).

The Court declined to stay these proceedings. Instead, the Court ordered the United States to respond to the § 2255 motion addressing whether Defendant's § 924(c) conviction alternatively qualify as crimes of violence under § 924(c)(3)(A) and/or any other threshold issues. The Court explained that the United States would be given further opportunity to address the constitutionality

of § 924(c)(3)(B) if necessary at a later time. The United States filed a response brief arguing, *inter alia*, that the motion was untimely.

## II.     Timeliness

A defendant must ordinarily file a § 2255 motion within one year after his conviction becomes final. 28 U.S.C. § 2255(f)(1). Defendant's motion was filed well outside this time limit and is untimely unless the motions falls under § 2255(f)(3), which provides that § 2255 motions may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The United States contends Defendant's motion is untimely because *Johnson* does not recognize a right to have § 924(c)(3)(B) declared unconstitutional. In other words, the United States argues, there has been no Supreme Court decision that triggered a new one-year clock under § 2255(f)(3) for this particular Defendant.

In a recent Order Denying Certificate of Appealability, the Tenth Circuit squarely addressed the timeliness issue presented in this case. In *United States v. Autobee*, No. 17-1082, 2017 WL 2871893, at *4 (10th Cir. July 6, 2017), the defendant sought invalidation of a § 924(c) conviction based on *Johnson*'s reasoning as applied to § 924(c)(3)(B) and filed a § 2255 motion within one year of the *Johnson* decision. The court framed the issue as whether the defendant "asserts the same right announced in *Johnson* with a different application, or instead a new right that the Supreme Court has yet to recognize." *Id.* at *4 (citing *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013)). The court explained that a right is new if it is "not dictated by precedent," and that a right is "dictated by precedent" only if it is "apparent to all reasonable jurists." *Id.*

The Tenth Circuit held that the defendant "[sought] an altogether new right the Supreme Court has yet to recognize" and that the district court therefore correctly concluded that the § 2255 motion was untimely. *Id.* The panel recognized that the Tenth Circuit has invalidated the risk-of-force clause in 18 U.S.C. § 16(b), which contains identical language to § 924(c)(3)(B), based on the reasoning in *Johnson. See id.* (citing *Golicov v. Lynch*, 837 F.3d 1065 (10th Cir. 2016)). However, the court concluded that *Johnson* did not "dictate" the Tenth Circuit's conclusion regarding § 16(b) and that "reasonable jurists" could, and have in fact, reached contrary conclusions on the same question. *Id.* Therefore, the right the defendant was attempting to vindicate was beyond the scope of the retroactively applicable right recognized in *Johnson*. *Id.* This reasoning in *Autobee* is in accord with other jurisdictions. *See United States v. Bibbs*, No. 12-CR-20332-03, 2017 WL 764605, at *3 (E.D. Mich. Feb. 28, 2017) (holding that § 2255 motion challenging constitutionality of § 924(c)(3)(B) in light of *Johnson* was untimely because defendant had not identified "any right newly recognized by the Supreme Court and made retroactively applicable on collateral review relevant to his conviction and sentence"); *Chatfield v. United States*, No. 16-22591-CIV, 2017 WL 1066776, at *7 (S.D. Fla. Mar. 2, 2017), report and recommendation adopted, No. 09-20870-CR, 2017 WL 1066779 (S.D. Fla. Mar. 21, 2017) (same); *Adams v. United States*, No. 2:08CR176, 2016 WL 6804883, at *1 (E.D. Va. Nov. 16, 2016) (same). The reasoning in *Autobee* is directly applicable to Defendant's § 2255 motion, and the Court therefore concludes that the motion is untimely.

### III. Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues differently. A certificate of appealability shall be denied.

### IV. Conclusion

Defendant's § 2255 motion (Doc. 80) is DISMISSED as untimely. The Court will enter a Judgment of Dismissal.

**SO ORDERED** this 21st day of August, 2017.

**TERENCE KERN**
**United States District Judge**