IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-CR-108-TCK |
| | ) |
| TIMOTHY LAMAR RUSHING, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Plaintiff's Motion to Dismiss Defendant Timothy Lamar Rushing's ("Rushing") Successive §2255 Motion (Doc. 106).

**I. Background**

In June of 2005, Rushing and an unidentified accomplice robbed a Kum & Go convenience store. During the robbery, Rushing brandished a loaded semiautomatic pistol at one of the clerks demanding both the money from the cash register and the keys to the clerk's personal vehicle, a Ford Explorer that was parked in front of the store. The clerk complied with Rushing's demands. Rushing left the store only to return moments later demanding that the clerk show him how to unlock the trunk, or else Rushing would shoot him. A second clerk was also in the store when the robbery occurred. The second clerk complied with Rushing's unidentified armed accomplice's orders to sit on the floor by a cooler. Rushing and his accomplice escaped in the clerk's Ford Explorer.

A grand jury returned a five-count indictment, charging Rushing with possessing a firearm after a felony conviction (Count One); armed carjacking (Count Two); brandishing a firearm during the carjacking (Count Three); Hobbs Act robbery (Count Four); and using and carrying a firearm during and in relation to the Hobbs Act robbery (Count Five). (Doc. 1).

A jury convicted Rushing on all five counts of the Indictment. (Doc. 37). This Court sentenced him to a total of 484 months imprisonment, comprised of concurrent 100-month terms on Counts One, Two and Four, and consecutive 84-month and 300-month terms on Counts Three and Five. (Doc. 39). After Rushing appealed, the Tenth Circuit affirmed his convictions and sentences. *United States v. Rushing*, 210 F. App'x 767 (10th Cir. 2006) (unpublished).

In 2008, Rushing filed his first § 2255 motion; this Court dismissed that motion as untimely. (Doc. 77). In 2016, Rushing filed a second §2255 motion, arguing that his Hobbs Act robbery and carjacking convictions no longer qualified as crimes of violence under *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Doc. 80); this Court dismissed that motion as untimely as well. (Doc. 96). Rushing did not appeal the dismissal of either motion.

In 2018, Rushing sought authorization from the Tenth Circuit to file a second or successive § 2255 motion challenging his § 924(c) convictions in light of *Johnson*. Rushing later supplemented his application based on the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). He argued that his two § 924(c) convictions should be vacated because the underlying offenses could only be construed as crimes of violence under the residual clause in § 924(c)(3)(B), which *Davis* had invalidated as unconstitutionally vague.

The Tenth Circuit authorized Rushing to file a successive § 2255 motion challenging his conviction and sentence under *Davis*, but did not consider the merits of his motion. (*In re: Timothy Lamar Rushing*, No. 18-5122, Order filed November 27, 2019; See Doc. 100). Accordingly, Rushing has filed this successive § 2255 motion arguing that his convictions and sentences under § 924(c) should be vacated because Hobbs Act Robbery and carjacking no longer qualify as crimes of violence after *Davis*. (Doc. 101).

**II. Analysis**

After a court of appeals authorizes a second or successive § 2255 motion, the movant must overcome a second hurdle by establishing "that the petition does, in fact, satisfy [the] requirements of § 2255(h)." *United States v. Copeland*, 921 F.3d 1233, 1239 (10th Cir. 2019). In *Copeland*, the Tenth Circuit found that the defendant satisfied the requirements of § 2255(h)(2) as to a *Johnson* claim by "adequately show[ing] it was more likely than not that the sentencing court relied on the residual clause [invalidated by *Johnson*] to enhance his sentence." *Id*. at 1251. Here, in contrast, Rushing cannot show that his § 924(c) convictions rested upon the residual clause invalidated by *Davis*. Therefore, he cannot satisfy § 2255(h)(2) by showing that his motion rests on a new rule of constitutional law.

Rushing was charged with violating § 924(c), which prohibits using or carrying a firearm during or in relation to, or possessing a firearm in furtherance of, a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A) (2005). The statute defined "crime of violence" as a federal offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court invalidated as unconstitutionally vague the "residual clause" contained in § 924(c)(3)(B), but left intact the "elements clause" in § 924(c)(3)(A).

Rushing's first § 924(c) conviction was predicated on a carjacking. (Docs. 2, 37, 39). The federal carjacking statute prohibits taking a motor vehicle from the person or presence of another by force and violence or by intimidation, with the intent to cause death or serious bodily harm. 18 U.S.C. § 2119(a). Before *Davis*, the Tenth Circuit had long held that the substantive offense of

carjacking is always a crime of violence. *United States v. Brown*, 200 F.3d 700, 706 (10th Cir. 1999) (§ 2119 requires taking or attempting to take a vehicle by force and violence or by intimidation) (citing *United States v. Moore*, 43 F.3d 568, 573 (11th Cir. 1994) ("Taking or attempting to take by force and violence or intimidation, 18 U.S.C. § 2119 encompasses "the use, attempted use, or threatened use of physical force.") More importantly, the Tenth Circuit has recently confirmed that carjacking remains a crime of violence under the elements clause in § 924(c)(3)(A). *United States v. Kundo*, 743 F. App'x 201 (10th Cir. 2018) (unpublished).

In *Kundo*, the defendant sought a certificate of appealability from the district court's denial of his § 2255 motion. *Id*. Kundo argued that the crime of violence definition in § 924(c)(3)(B) was indistinguishable from the "violent felony" definition the Supreme Court invalidated in *Johnson*. *Id*. at 202. Thus, he asserted that his sentence for violating § 924(c) by brandishing a firearm during a carjacking was unconstitutional. *Id*. at 202. A panel of the Tenth Circuit rejected his argument, noting that the Court had already held in the context of the federal bank robbery statute that "intimidation involves the threatened use of physical force," and concluded that the same principle applied to federal carjacking. *Id*. at 203, citing *United States v. McCranie*, 889 F.3d 677, 681 (10th Cir. 2018). Thus, the panel found that "no reasonable jurist could debate whether armed carjacking is a crime of violence under § 924(c)(3)(A)." *Id*. at 203. Likewise, since the Supreme Court decided *Davis*, at least three other circuits have agreed that federal carjacking under § 2119 remains a crime of violence under the elements clause of § 924(c)(3)(A). *United States v. Burke*, 943 F.3d 1236, 138-39 (9th Cir. 2019); *Harper v. United States*, 792 F.App'x 385 (6th Cir. Nov. 26, 2019) (unpublished); *Wilkes v. United States*, 791 F.App'x 883, 884 (11th Cir. Jan. 27, 2020) (per curiam) (unpublished). Accordingly, *Davis's* invalidation of § 924(c)(3)(B) has no effect on Rushing's first

§ 924(c) conviction, because it is premised on carjacking, which remains a crime of violence under § 924(c)(3)(A).

Likewise, Hobbs Act Robbery remains a crime of violence after *Davis*. *Davis* does not alter the validity of Rushing's second § 924(c) conviction, which was based on a Hobbs Act robbery. The Hobbs Act, 18 U.S.C. § 1951(b)(1), defines robbery, in pertinent part, as " the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1). Even though holding that the residual clause in § 924(c)(3)(B) was unconstitutionally vague, the Tenth Circuit recognized that Hobbs Act robbery still qualified as a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 n. 4 (10th Cir. 2018).

In *Melgar-Cabrera*, the court explicitly recognized that although it had "held that the residual clause in §924(c)(3)(B) is indeed unconstitutionally vague," "[t]hat outcome does not affect Mr. Melgar-Cabrera's appeal given our conclusion that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)." *Id.* Nor did the Supreme Court's decision in *Davis* alter this conclusion. A panel of the Tenth Circuit has explicitly recognized *Davis* did not alter the holding that Hobbs Act robbery is a crime of violence under § 924(c): "But *Davis* holds only that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. It does not even 'appear to suggest' that Hobbs Act robbery is not a crime of violence under the elements clause." *United States v. Myers*, 786 F. App'x 161, 162 (10th Cir. Nov. 27, 2019) (emphasis in the original) (unpublished) (noting that "*Melgar-Cabrera* is still binding precedent on this court.

5

Thus, because carjacking and Hobbs Act robbery remain crimes of violence under the elements clause in § 924(c)(3)(A), Rushing cannot show that his § 924(c) convictions were based on the residual clause in § 924(c)(3)(B), which *Davis* invalidated. Therefore, because his successive § 2255 motion "cannot be said to rely" on *Davis*, Rushing cannot meet § 2255(h)(2)'s requirement that his motion be based on a new rule of constitutional law.

### III. Conclusion

The Court finds *Davis's* invalidation of the residual clause in § 924(c)(3)(B) has no effect on the validity of Rushing's § 924(c) convictions because the Tenth Circuit has recognized that both carjacking and Hobbs Act robbery remain crimes of violence under the elements clause in § 924(c)(3)(A). *United States v. Kundo*, 743 F.App'x 201 (10th Cir. 2018) (unpublished); *United States v. Myers*, 786 F.App'x 161 (10th Cir. 2019) (unpublished). Thus, *Davis's* rule invalidating § 924(c)(3)(B) has no effect on the validity of Rushing's § 924(c) convictions and his successive § 2255 motion is dismissed because it does not rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

**IT IS SO ORDERED this 14th day of May, 2020.**

TERENCE C. KERN
United States District Judge